## Workman *versus* Curran.

1. Pending an action of trespass, to determine the validity of a claim to a right of way, a title to said way cannot be acquired by prescription, by those who claim under the parties, against whom said action was brought.

2. If between the date of the final judgment in the action of trespass and the closing of the way twenty-one years have not elapsed a title by prescription has not been acquired.

February 24th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. WOODWARD, J., absent.

Error to the Court of Common Pleas, No. 2, of *Philadelphia county :* Of July Term 1876, No. 133.

Trespass on the case by Adele Curran against H. W. Workman for damages for the obstruction of a right of way.

Plaintiff owned a house on south Front street in Philadelphia. Adjoining this property on the north is a court called "Workman's Court," which, together with the land adjoining said court on the north, was owned by defendant. The plaintiff claimed the right of way over this court by prescription.

[Workman *v.* Curran.]

On October 9th 1833, the defendant and his brothers and sisters, then living, who were seised in fee as tenants in common of the *locus in quo*, brought an action of trespass in the District Court of Philadelphia against Lewis Roberts and Thomas Wilson, the plaintiffs' predecessors in the title. It was admitted at the trial of this cause at bar that the right of way then in dispute was, and is, the same now here in dispute. That action of trespass was not tried until 16th May 1850. On 20th May 1850, verdict was rendered for Workman et al., plaintiffs, and on 14th September 1850, judgment was entered in favor of the plaintiffs, and the record having been removed by the defendants to the Supreme Court, the judgment of the court below was affirmed on 9th February 1852, and on 3d April 1875, the record was remitted to the court below.

On 30th January 1873, the defendant fenced up the court, and on 2d April 1873, plaintiff brought this action.

The defendant, at the trial, submitted the following points, which the court, Pratt, J. refused:

1. That such adverse possession [*i. e.*, peaceable, quiet, adverse possession for a period of twenty-one years] could not exist while the case of Workman *v.* Roberts was pending, or until the judgment therein was finally affirmed by the Supreme Court.

2. That the record of said case shows that final judgment therein was rendered by the Supreme Court February 9th 1852, and the evidence shows that the fence, the erection of which led to the institution of this action, was erected January 30th 1873, being within twenty-one years from the entry of such judgment, and therefore plaintiff cannot recover in this action.

3. That this final judgment of record, unsatisfied and capable of execution at any time, was a continuous and perpetual assertion of right exclusive in defendant and denial of any right on the part of plaintiff by defendant to use and occupy the alley in question, and therefore plaintiff cannot recover in this action.

The court, inter alia, charged:

"I give it to you as the law, which you are bound to take from the court, that if you find from the commencement of this suit, the suit which was begun in 1833, the plaintiff in this case had adverse, uninterrupted, peaceable and quiet possession of the use of this alley, as described in the declaration, and that no notice was given to him of any denial on the part of the defendant of the right, your verdict should be for the plaintiff."

The verdict was for plaintiff. After judgment defendant took this writ, and assigned for error, inter alia, the refusal of the above points and the portion of the charge noted.

*C. Stuart Patterson* and *George W. Biddle,* for plaintiff in error.—The court should have directed a verdict for defendant, because twenty-one years had not elapsed between the 9th of Feb-

[*Workman v. Curran.*]

ruary 1852, the date of the entry of the final judgment in the case
of Workman *v.* Roberts, and the 30th of January 1873, the date
of the erection of the obstruction complained of, and because pend-
ing that suit the prescription could not run in favor of plaintiff.
The title to an easement can be gained by prescription only where
there has been for twenty-one years an actual, adverse, continuous,
uninterrupted user under a claim of right.   A prescriptive title can
always be rebutted by proof of circumstances, tending to show that
no grant could have been or probably was made, or that the owner of
the servient tenement did not acquiesce : Washburn on Easements
111; Goddard's Law of Easements 90, 110; Cooper *v.* Smith,
9 S. & R. 32 ; Strickler *v.* Todd, 10 Id. 63 ; Hoy *v.* Sterrett, 2
Watts 330 ; Butz *v.* Ihrie, 1 Rawle 218 ; Garrett *v.* Jackson,
8 Harris 335 ; Okeson *v.* Patterson, 5 Casey 26 ; Pierce *v.* Cloud, 6
Wright 113 ; Worrall *v.* Rhoades, 2 Whart. 428 ; Esling *v.* Wil-
liams, 10 Barr 126 ; Jessup *v.* Loucks, 5 P. F. Smith 361 ; Fish-
ing Co. *v.* Carter, 11 Id. 21 ; Biddle *v.* Ash, 2 Ashm. 211.

And title by prescription will be defeated, if the owner of the
servient tenement resists or opposes the user, especially if his resist-
ance is manifested by proceedings at law.

The maxim is " *Ita quod, nec per vim, nec clam, nec precario :*"
Washburne on Easements 112.   " The word, ' *vim*,' means conten-
tion of any kind, as, that the enjoyment has been during a period
of litigation about the right claimed * * * if the user has been in
this sense not peaceably enjoyed, no easement can be thereby ac-
quired :" Goddard's Law of Easements 124 ; Eaton *v.* The Water-
works, 17 Q. B. 267, 269 ; Livett *v.* Wilson, 3 L. J. [C. P.] 186 ;
Solomon *v.* Vintners' Co., 4 Hurst. & N. 602 ; Stillman *v.* White
Rock Co., 3 Wood. & M. 549 ; Bealey *v.* Shaw, 6 East 216.

So also, the presumption of payment of a debt is conclusively
rebutted by proof of pendency of prior legal proceedings for the
recovery of the debt, though those prior proceedings were not
pressed to judgment : McCullough *v.* Montgomery, 7 S. & R. 28 ;
Summerville *v.* Holliday, 1 Watts 518.

Facts being established their sufficiency to rebut a presumption
of law is for the court, not for the jury : Delany *v.* Robinson, 2
Whart. 503 ; Reed *v.* Reed, 10 Wright 243.

In this case, the plaintiff had always kept the alley, which is the
*locus in quo,* open for the use of his tenants in the court.   How
then could the defendant in error's user thereof be so injurious to
the plaintiff in error, as to call upon him to resist it ?

No title by prescription could therefore arise, in favor of the de-
fendant in error : Washburne on Easements 89 ; Donnell *v.* Clark,
19 Me. 174 ; Thomas *v.* Marshfield, 13 Pick. 240 ; Cooper *v.*
Smith, 9 S. & R. 33.

*W. Channing Nevin,* for defendant in error.

[Workman *v.* Curran.]

Mr. Justice STERRETT delivered the opinion of the court, March 17th 1879.

It is admitted that the right of way, which is the subject of the present contention, is the same that was in controversy in the first action of trespass; and the cardinal question in this case is whether the pendency of that suit was sufficient to repel the presumption of a grant which otherwise would arise from the long continued use and enjoyment of the way by the defendant in error.

By the verdict and judgment in that case it was conclusively settled that those under whom she claims had no right of way in 1833, when the first suit was brought, and it is not claimed that any has been acquired since, unless it be by an uninterrupted use and enjoyment for over twenty-one years. There is no pretence of right acquired in any other manner; nor can any claim of right be substantiated on that ground even, unless at least a portion of the period during which the first action was pending be included in the computation. The present suit was brought in less than twenty-one years after the first was determined, and hence no presumption of a grant could arise from the use and enjoyment of the way during that intervening period. It therefore becomes material to determine whether the use by the defendant in error and those under whom she claims could be ripening into a right during the pendency of the first suit, from 1833 until February 9th 1852, when it was finally determined by the judgment of this court. What then was the effect of the pending action on the respective rights of the parties?

In this state we have no statute on the subject of private ways, except the Act of April 25th 1850, which prohibits their acquisition through unimproved woodland; and hence it is necessary to resort to the common law, the principles of which have been recognised as cases from time to time called for their application, but the precise point now under consideration does not appear to have arisen in any of our reported cases.

In Garrett *v.* Jackson, 8 Harris 331, it is said by Chief Justice BLACK, that "where one uses an easement whenever he sees fit, without asking leave and without objection, it is adverse, and an uninterrupted adverse enjoyment for twenty-one years is a title which cannot be disputed. Such enjoyment without evidence to explain when it began, is presumed to have been in pursuance of a grant." It will be observed that the enjoyment must be adverse as well as uninterrupted, and one of the conditions of adverse enjoyment is that it be without objection. If therefore it is shown that, during the period of alleged acquisition of an easement by use and enjoyment, the owner of the servient tenement resisted such claim or opposed such use, it will negative the claim: Washburn on Easements 112. "It was accordingly held, says the same learned author, that a prescriptive right to divert water from a stream could not be acquired by an enjoyment for the requisite period

[Workman *v.* Curran.]

where it appeared that the party, against whom it was claimed, during that time remonstrated against such diversion and consulted counsel for a prosecution therefor."

In Nichols *v.* Aylor, 7 Leigh 546, where one had flowed the lands of another for more than the requisite period, but it appeared the latter had complained and denied his right to do so, it was held that these facts rebutted the presumption of its having been done under a grant. In his opinion, Tucker, President of the Court of Appeals, says, "the presumption of right or of a grant arises from the long *acquiescence* of the party, and does not arise where the enjoyment is contested : Bealey *v.* Shaw, 6 East 216. It would be strange indeed if a grant was to be presumed to have been made by him though he was continually contesting the right, and accordingly in Livett *v.* Wilson, 3 Bing. 115 (11 E. C. L. R. 64), it is distinctly made an answer to the presumption that the user ' had been almost always the subject of contest.' It is also observable in that case that no action had ever been brought asserting the rights of the party, and that his repeated complaints and denial of the title of his adversary were considered as sufficiently rebutting the presumption of a grant."

Again, where an easement in an aqueduct on the land of an adjoining owner was claimed by adverse user, and it appeared that the owner of the servient tenement had forbidden his neighbor to enter, and had ordered him off the land while there for the purpose of repairing the aqueduct, it was held that such verbal orders, though unaccompanied by further acts, were admissible to show an interruption of the easement; and that it was not necessary to use actual force to eject, in order to disturb and break the continuity of possession or use and thus prevent it from ripening into title: Powell *v.* Bagg, 8 Gray 441. These and other authorities that might be cited, recognise the principle that the presumption of a grant may be rebutted by proof of declarations without evidence of forcible resistance. While the presumption of a grant, arising from a long continued, adverse and uninterrupted use and enjoyment operates in analogy to the Statute of Limitations, it differs from the case of title to land claimed by adverse possession. There the owner is disseised and if such disseisin continues long enough the title becomes complete. A mere verbal protest or prohibition to occupy the premises will not be sufficient without entry. The owner in such case would still be disseised. But title to an easement by adverse user stands on a somewhat different ground. There the owner remains in possession of the premises. The title rests chiefly on his acquiescence in the adverse use, and the evidence which disproves such acquiescence rebuts the title to the easement : Smith *v.* Miller, 11 Gray 145.

In this case the evidence of non-acquiescence during the pendency of the suit was of the most conclusive character. The record of

the pending action, furnishes an emphatic denial of right in those under whom the defendant in error claims, and a positive assertion by the plaintiff in error of exclusive right in himself, and this too in the appropriate forum for the determination of such questions. It would be most unreasonable therefore to presume a grant in the face of such conclusive evidence of an open, public denial of the right claimed, and a standing protest of record against its exercise.

The first four assignments of error are sustained. There was also error in that portion of the charge covered by the eighth assignment of error.

Judgment reversed.