# Abraham Wanger, Plffs. in Err., *v.* Lawrence Hipple.

The rebuttal of the presumption of title by prescription by proof of license and permissive user is a question of fact for the jury.

Where a private way is claimed by prescription and the user has been in other respects adverse for more than sixty years, a mere casual remark made by the owner of the dominant to the owner of the servient tenement, at about the middle of the period, is to be received with caution by the jury, when offered to prove the origin of the user in a license.

The user necessary to give a private way by prescription is not necessarily exclusive of the common user of the way by the owner of the servient tenement.

(Argued February 6, 1888.   Decided March 19, 1888.)

January Term, 1886, No. 393, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to the Common Pleas of Chester County to review a judgment on a verdict for the plaintiff in an action of trespass *quare clausum fregit,* January term, 1885, No. 35.   Affirmed.

This was an action begun December 3, 1884, by Lawrence Hipple, against Abraham Wanger.

The facts as they appeared at the trial were as follows:

Lawrence Hipple, grandfather of the plaintiff, became the owner of a farm of 161 acres, in East Goshen township, Chester county, in 1804, by sheriff's deed. After his death his son Henry Hipple became its owner, by proceedings in partition, in 1822. After the death of Henry Hipple, his son Lawrence Hipple, plaintiff, became its owner by deed from his father's heirs in 1864.

In the time of Lawrence Hipple, the grandfather, this farm was not intersected or bounded by any public road. To the east of it was the Goshen public road, running northerly and southerly, giving access to Philadelphia and Chester. The farm was cut off from the Goshen road by an intervening owner's land,

---

Cited in Hudson v. Watson, 11 Pa. Super. Ct. 266, 271.

NOTE.—For the admissibility of declarations to show that possession was not adverse, see note to Byers v. Sheplar, 4 Sad. Rep. 115.

For the burden of proof that possession was by virtue of a license, see Hudson v. Watson, 11 Pa. Super. Ct. 266.

over which the grandfather passed from the eastern boundary line of his farm to the Goshen road, a distance of 350 yards. His dwelling house lay 100 yards west of that line.

The right of way, on the trial, was not traced to any deed or paper writing. Plaintiff called witnesses to establish it. One of them knew it in the year 1817; another in 1823; another in 1833; two others for fifty years; and two others for forty-five years; another for thirty-five years; two others for thirty-two years; others for lesser periods. It was fenced in; had a gate at each end—the western one kept up by the owners of the Hipple farm, the eastern one kept up by the owners of the farm now belonging to the defendant.

In the year 1835 Henry Hipple, plaintiff's father, graded down a hill on it, cutting 2 or 3 feet down through rock and stony places, digging into it for 30 or 40 yards, and hauling the material to the foot of the hill.

Owners of the Hipple farm have repaired the right of way and its fences, hauled their lime, wood and marketing over it, and used it whenever and however they pleased for more than twenty-one years back from the year 1881, and without interruption or objection from any source. The first interference with it came from the defendant after he got his deed for the Adam Rennard farm, dated April 1, 1882.

George March was the brother-in-law of Adam Rennard, and at one time a joint owner with him of the farm sold to the defendant.

George March, after the death of Adam Rennard, acting for the Rennard heirs, exposed this Adam Rennard farm to public sale on the premises, and at and before sale gave notice of the right of way, which was in plain view, end to end, from the point where the sale was held.

Plaintiff was also in attendance on the sale, and before it was made, gave notice to the defendant of the right of way, and of his intent to claim it.

The defendant offered evidence to show that the plaintiff claimed under a mere license.

The defendant submitted, *inter alia,* the following points:

1. The plaintiff's claim in this case is founded upon the presumption of a grant. If, however, the defendant, Mr. Wanger, by his evidence has satisfied the jury that the use of the way

may be referred to a license or agreement, the verdict must be for the defendant.

*Ans.* I cannot affirm this point in the language in which it is written. The whole evidence is for the consideration of the jury. The burden of proof is upon the defendant; but, if the whole evidence satisfies you "that the use of the way may be referred to a license or an agreement," your verdict should be for the defendant. [1]

4. The fact that no mention is made of this right of way in the deed to Lawrence Hipple, in 1864, is a circumstance in favor of the defendant's position that no such right of way existed or was claimed at that time.

*Ans.* This point is disaffirmed. [2]

6. The lane being the lane of the owner of the land, for his use, to enjoy his own property, spring house, cattle yard, hog house, etc., the presumption is that the use by the plaintiff was not adverse.

*Ans.* This point is disaffirmed. [3]

7. This way having been used by the defendant and his predecessors, in common with the plaintiff and his predecessors, no right of way can be acquired by adverse user.

*Ans.* It appears from the evidence that the lane was used by the owners of both farms. There was a gate way at the entrance of the lane leading to the plaintiff's farm, and there was also a gate way on the defendant's farm. The plaintiff used his gate way to pass out to the Goshen road, over the land of the defendant, and the defendant used the lane for a similar purpose, his barn being near the Goshen road, and his cattle yard and other out buildings near the line of the plaintiff's land. The lane was therefore used in common by both parties. If you find that the use of the lane by the plaintiff across the defendant's land, during all the years named by his witnesses, was uninterrupted and adverse, under the instructions I have given you, the fact that the defendant and his predecessors in title may have also used it does not operate against the position taken by the plaintiff, *viz.,* that he has the right to use it by long-continued adverse user. [4]

8. Under the evidence the verdict must be for the defendant.

*Ans.* This point is disaffirmed. There are questions of fact in the case I have submitted for your consideration. [5]

The court charged, *inter alia,* as follows:

The defendant, however, claims that the right of the plaintiff to use the lane is not based upon the principle of adverse user, but has been exercised simply by reason of a certain agreement, and refers to a conversation George March, a former owner of the property, held with Henry Hipple, in the year 1851.

It appears that there is a fence near the line of the two properties, on the west side of the creek, extending southward from the lane. Mr. March testified that in 1851 he went upon Henry Hipple's land for the purpose of repairing that fence, which was on his side of the run; that while he was there, Mr. Hipple requested him not to get any further onto his land than he could help, and added that, as long as he could pass in and out of the lane, the fence could stand on that side.

The conversation detailed by Mr. March, occurred in 1851; and at that time, if the plaintiff's witnesses are believed, the right of way had been established by adverse user for a period of time varying from thirty to thirty-four years.

It appears that it was only a casual conversation Mr. March held with Henry Hipple, and that he had no occasion to mention it until 1878, twenty-seven years thereafter. A period of thirty-four years has since elapsed; and in determining the question you should consider whether any reliance can be placed upon the recollection of a witness respecting a brief conversation occurring at such a remote date. The question, however, is one for your determination; and I submit it to you, with the remark that you should be careful not to give such testimony undue weight, and have regard for the long space of years that has since elapsed. [6]

Verdict and judgment for plaintiff, for 50 cents damages and 6 cents costs.

The assignments of error upon which stress was laid specified: (1–5) The answers to the defendant's points; and (6) the portion of the charge quoted.

*Wm. M. Hayes* and *A. Wanger,* for plaintiff in error.—The defendant's position is that the use was referable to a license or agreement. The court charged the jury that even if the testimony of George March is reliable, the right of way existed by adverse user, and was fully established before 1851. That fact

should have been referred to the jury. Steffy v. Carpenter, 37 Pa. 41.

The rule that a license to do something on the licensor's land, followed by expenditure on the faith of it, is irrevocable rests on the principle of estoppel, because the parties cannot be placed *in statu quo*. Huff v. McCauley, 53 Pa. 206, 91 Am. Dec. 203.

Twenty years' adverse user of a way under claim of right is sufficient to authorize the presumption of a grant. And that it was adverse may be presumed if the user was notorious and in the ordinary manner—and not under circumstances showing it to have been by leave and favor, or by the courtesy of the owner. Esling v. Williams, 10 Pa. 126.

Permissive trespasses, however long continued, never raise the presumption of a grant, as against an individual. Susquehanna County v. Deans, 33 Pa. 131.

If the use of the way by the plaintiff was merely a permissive use, and the jury, from the evidence, might so have found, then he could not claim the easement as of right; for in that event no presumption of grant could arise from the mere lapse of time. In order to establish such right, the user must be adverse, not permissive. Demuth v. Amweg, 90 Pa. 181.

The mere user of a way by the public, for the space of twenty-one years, will not vest a title in them thereto by prescription, unless the user be adverse and under claim of right. Where such user is with the knowledge and acquiescence of the owner of the land traversed, and is under his leave and favor, by his permission, and at his will, no title by prescription can arise. Root v. Com. 98 Pa. 170, 42 Am. Rep. 614.

A familiar intercourse between families may be evidence of a general license to pass over the land of each other for the purpose of visiting. Martin v. Houghton, 45 Barb. 258.

A space left open in private property bordering on a highway for the accommodation, not of the public, but of the owner, is not thereby dedicated to public use, but may be resumed at pleasure. Gowen v. Philadelphia Exch. Co. 5 Watts & S. 141, 40 Am. Dec. 489.

It is well known that a single lisp of acknowledgment by 'the defendant, that he claims no title, fastens a character upon his possession which makes it unavailing for ages. Colvin v. Burnet, 17 Wend. 564.

It is for the jury to determine whether the user has been ad-

verse under a claim of right, or by the owner's permission, as upon that would turn the question whether he had gained such easement. Washb. Easements, 14; Manion v. Creigh, 37 Conn. 462.

If it appears that the enjoyment has been by permission asked, or for a rent paid, or other equivalent acts done by the one exercising the privilege, showing that it was not done adversely or under claim of right, it effectually rebuts that presumption. Washb. Easements, 3d ed. 133; Cobb v. Davenport, 32 N. J. L. 369; Kilburn v. Adams, 7 Met. 33, 39 Am. Dec. 754; Ewing v. Burnet, 11 Pet. 53, 9 L. ed. 629; Ricard v. Williams, 7 Wheat. 59, 109, 5 L. ed. 398, 410; Arnold v. Stevens, 24 Pick. 106, 35 Am. Dec. 305.

A regularly formed and wrought way across the ground, paved, etc., and fitted for use as a way from his own estate to the highway, indicating a use distinct from any use to be made of it by the proprietors, would, in our opinion, be evidence of such exclusive use and claim of right. Kilburn v. Adams, 7 Met. 33, 39 Am. Dec. 754.

That the adjacent proprietor had occasionally leveled a spot gullied by the rain could scarcely be regarded, independently of other proof, as indicative of a claim of right. Gloucester v. Beach, 2 Pick. 60, note.

No right is acquired in land by a user which can be explained without supposing a grant, or be satisfactorily referred to encroachment only. Dawson v. Norfolk, 1 Price, 246.

*Alfred P. Reid, John H. Brinton,* and *Wm. B. Waddell,* for defendant in error.—The plaintiff in error admits the long and continued use of the way by the defendant in error and his predecessors in title, without interference or molestation by those who preceded the plaintiff in ownership, for a period of over sixty years. Such enjoyment of a way without more establishes a right, based upon the presumption of a grant, and calls upon him who denies it to overcome this presumption.

The question of fact was fairly left to the jury, whose attention was properly called to the character of the testimony, the length of time that had elapsed since the conversation was had, and the care they should exercise in considering it.

The court will not reverse for an erroneous expression of the court's opinion on a fact, unless it clearly appear that the jury

were thereby precluded from deciding for themselves. Riddle v. Murphy, 7 Serg. & R. 230; Williams v. Carr, 1 Rawle, 420; Kilpatrick v. Com. 31 Pa. 216; Johnston v. Com. 85 Pa. 65, 27 Am. Rep. 622; Reese v. Reese, 90 Pa. 89, 35 Am. Rep. 634; Bonner v. Herrick, 99 Pa. 220; Leibig v. Steiner, 94 Pa. 466.

An instruction that there can be no doubt of a disputed fact, "if the testimony be true," is a substantial submission of it to the jury. Central R. Co. v. Green, 86 Pa. 421; Pennsylvania R. Co. v. Werner, 89 Pa. 59.

Where one uses a road, whenever he chooses, over the land of another, without asking leave and without objection, the use is adverse, and an adverse enjoyment, uninterrupted for twenty-one years, gives an indisputable title to the enjoyment. Such enjoyment, without evidence as to how it began, is presumed to have been in pursuance of a grant, and the burden of showing the contrary lies on the owner of the land. Garrett v. Jackson, 20 Pa. 331.

It also gives a right of way, without evidence to explain how it began. The enjoyment is presumed to have been in pursuance of an unqualified grant; and the burden of showing the contrary is upon the owner of the land. Pierce v. Cloud, 42 Pa. 102, 82 Am. Dec. 496; Okeson v. Patterson, 29 Pa. 22; Steffy v. Carpenter, 37 Pa. 41.

If the use of the way in question was adverse it need not be necessarily exclusive. Nash v. Peden, 1 Speers, L. 22; Washb. Easements, p. 98; Garrett v. Jackson, 20 Pa. 331.

A license for the enjoyment of certain privileges on land, obtained under an executed verbal contract, founded upon a sufficient consideration, is irrevocable by the licensor or those claiming title in the land under him. Thompson v. McElarney, 82 Pa. 174; Dark v. Johnston, 55 Pa. 169, 93 Am. Dec. 732; Ebner v. Stichter, 19 Pa. 19; Rerick v. Kern, 14 Serg. & R. 267, 16 Am. Dec. 497; M'Kellip v. M'Ilhenny, 4 Watts, 321, 28 Am. Dec. 711; Campbell v. McCoy, 31 Pa. 263.

PER CURIAM:

It is hard to understand why the defendant should complain of the rulings of the court below. They are as favorable to him as he had any right to expect, and in some of them complaint might well come from the other side. Hipple's right of way was established beyond controversy, and the attempt to break

down that right by proof of user under a license was a total failure; and so the court might have instructed the jury.

Judgment affirmed.