# H. P. Hudson v. Israel Watson, Appellant.

*Appeals—Variance—Issue actually tried.*

After three trials on the merits the appellate court will not be astute in searching for a variance between the issue raised by the pleadings and the issue actually tried.

*Pleading—Statement, when amendable.*

Where the plaintiff has an actual right to recover for injury to his possession of a private right of way and the statement fairly construed alleges this as a cause of action, even if the statement lacks in perspicuity, it is amendable to conform to what was actually tried.

*Easement—Action by cotenant in possession.*

It having been established that a way was not public, and that a private easement if one had been acquired had not been abandoned or extin-

266, (1899).]          Syllabus—Statement of Facts.

guished, the defendant who obstructed it may not challenge the right of the plaintiff who is in the exclusive possession of the dominant tenement to maintain an action for the injury to his possession without joinder of his cotenant.

*Easement—Burden of proof—License.*

When one uses an easement whenever he sees fit, without asking leave, and without objection, it is adverse, and an uninterrupted adverse enjoyment for twenty-one years is a title which cannot afterwards be disputed. Such enjoyment, without evidence to explain how it began, is presumed to have been in pursuance of a full and unqualified grant. The owner of the land has the burden of proving that the use of the easement was under some license, indulgence or special contract inconsistent with a claim of right by the other party.

Argued May 9, 1899. Appeal, No. 61, April T., 1899, by defendant, from judgment of C. P. Armstrong Co., Dec. T., 1893, No. 263, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by RICE, P. J.

Trespass. Before RAYBURN, P. J.

It appears from the record that this case has been twice before the Superior Court on appeal, 2 Pa. Superior Ct. 422, where judgment for defendant was reversed on appeal, and 5 Pa. Superior Ct. 456, where judgment for plaintiff for $1.50 was reversed, to which reports reference may be had for a history of the case.

This action was brought for the obstruction of a way across the plaintiff's land, plaintiff claiming that the way was appurtenant to his land and the defendant claiming, first, that if the plaintiff ever had the right of way it was extinguished by an agreement which had been so far executed that it would be inequitable to rescind the same; second, that if it was a way it was a public and not a private way, therefore, the plaintiff could not maintain an action without showing special damage differing in kind from that sustained by the general public. No error was assigned to the instructions of the court pertinent to these two contentions and it may be said to have been established by the verdict of the jury, that the way was not public, and that the private easement, if one had been acquired, had not been abandoned or extinguished.

Plaintiff submitted the following points which points with answers thereto are as follows:

[9. A continued and uninterrupted and adverse use of an easement under a claim of right, and with the acquiescence and knowledge of the person interested, for a period of twenty-one years or upwards, will justify a jury in finding in favor of a party who sets up a right arising out of such use. *Answer :* You are so instructed.] [3]

[10. In trespass to establish the plaintiff's right of way over defendant's farm by adverse user, the burden is on the defendant to show that the use was by license and not adverse, as claimed, and the plaintiff's right cannot be defeated by proof that the defendant also used it. *Answer :* We so instruct you, gentlemen.] [1]

Defendant submitted the following point, which was refused:

[8. The plaintiff in his declaration having set forth that he was the sole owner in fee of the alleged dominant tenement, and having himself proved, and the uncontradicted evidence being, that he was only the joint owner with John S. Hudson, of the alleged dominant tenement, he cannot maintain an action for an injury to the easement in his own name, but must join his cotenant, John S. Hudson. *Answer :* That point is refused.] [2]

Verdict and judgment for plaintiff for $1.50. Defendant appealed.

*Errors assigned* were (1) in affirming plaintiff's tenth point, reciting same. (2) In refusing defendant's eighth point, reciting same. (3) In affirming plaintiff's ninth point, reciting same.

*W. D. Patton,* for appellant.—Tenants in common must, in personal actions, as for trespass or nuisance to their land, join, because though their estates are several, yet as the damages survive to all, it would be unreasonable when the damages are thus entire to bring several actions for a single trespass : Fell v. Bennett, 110 Pa. 181 ; McIntire v. Coal Co., 118 Pa. 108 ; Dicey on Parties to Actions, 402.

Joint tenants must join in an action for an injury to their lands held jointly, and a failure to do so is fatal to a recovery : 4 Wait's Actions and Defences, 181, citing Dewey v. Lambier, 7 Cal. 347.

In the former case, reported in 5 Pa. Superior Ct. 456, the second assignment of error was sustained and the case reversed because the court said in its charge to the jury that if the way was used " with the consent and agreement " of Watson for twenty-one years the plaintiff would acquire a right of way.

*Jas. H. McCain,* of *McCain & Christy,* for appellee.—The appellee's tenth point, the affirmance of which is here assigned for error, is taken from the case of Wanger v. Hipple, 13 Atl. Rep. 81.

A party who brings up a partial appeal loses every ground of appeal then existing which he neglects and leaves behind him, and cannot afterwards stir the objections lost by his supineness or acquiesence. The case ought not to be reversed under the authority of Jones v. Hartley, 3 Wharton, 178, which sustains the principle quoted from the text-book.

However, if this declaration was amendable in the court below so as to avoid the defect here complained of, this assignment is not reversible error. The appellate courts will not reverse on an assignment of error alleging defects in the pleadings which would be amendable in the court below : Robertson & Co. v. Reed, 47 Pa. 115 ; Trainor v. Phila. & R. R. Co., 137 Pa. 148.

A careful reading of the declaration filed in the court below will show that the appellee claimed damages only for the injury, loss and inconvenience suffered by him in the use and enjoyment of the dominant estate.

We cite in support of the appellant's right to maintain this action alone, Dicey on Parties to Actions, 363, and 2 Greenleaf on Evidence, 230 *b*.

In the third assignment of error the plaintiff's ninth point is assigned for error. It seems to us that the appellant, in justice to the Supreme Court, ought to have omitted this assignment.

However, the language used in the point affirmed and assigned for error is the exact language used by Justice ROGERS in the opinion of the Supreme Court in the case of Esling v. Williams, 10 Pa. 126.

OPINION BY RICE, P. J., July 28, 1899 :

This was an action for the obstruction of a way across the defendant's land. The plaintiff claimed that it was a private

way appurtenant to his land. The defendant claimed (1) that if the plaintiff ever had a right of way, it was extinguished by an agreement, which had been so far executed as to make it inequitable to rescind the same (see Hudson v. Watson, 2 Pa. Superior Ct. 422, and s. c. 5 Pa. Superior Ct. 456) ; (2) that if there was a way, it was public and not private ; therefore the plaintiff could not maintain an action without showing special damage, differing in kind from that sustained by the general public. The instructions of the court pertinent to these two contentions have not been assigned for error. We therefore assume it to be established by the verdict of the jury, that the way was not public, and that the private easement, if one had been acquired, had not been abandoned or extinguished.

Having failed to establish either of these somewhat inconsistent defenses, the defendant challenges the right of the plaintiff to maintain the action without joinder of his cotenant, and complains that the answers to two of the plaintiff's points concerning the law, as to the acquisition of a private right of way by adverse use, were erroneous.

The law upon the latter subject is well settled, and was expounded with great clearness by Chief Justice BLACK in Garrett v. Jackson, 20 Pa. 331. His language so fully meets the question raised by the first assignment of error, that we quote it at length : " A passage by one man over the land of another, with the special permission of the owner on every occasion of its use, will not raise the presumption of a grant, no matter how often it may occur, nor how long continued. So a license to use a road for a certain defined period, and the enjoyment of it under such license, will give no right after the expiration of the time. But when one uses an easement whenever he sees fit, without asking leave, and without objection, it is adverse, and an uninterrupted adverse enjoyment for twenty-one years is a title which cannot afterwards be disputed. Such enjoyment, without evidence to explain how it began, is presumed to have been in pursuance of a full and unqualified grant. The owner of the land has the burden of proving that the use of the easement was under some license, indulgence or special contract inconsistent with a claim of right by the other party." Substantially the same language as to the burden of proof was used by WOODWARD, J., in Pierce v. Cloud, 42 Pa. 102, and

the principle was recognized in Wanger v. Hipple, 13 Atl. Rep. 81, 11 Cent. Rep. 776, and other cases that might be cited.

That a road had existed across the defendant's land, which the plaintiff and his predecessors in title had traveled uninterruptedly under a claim of right for a period much longer than was required, was practically uncontroverted. At least, we feel justified in saying after a careful perusal of the testimony, that the substantial controversy was not as to whether the use of the road had been adverse or permissive, not indeed as to the existence of a way, but as to the nature of the way, whether public or private. As to such a case, it was perfectly proper to say, that if the defendant expected the jury to find that the enjoyment began in a license for a definite period, it was incumbent on them to allege and prove it. The plaintiff's tenth point, the affirmance of which is the subject of error, was not happily worded, and standing alone, would be inadequate if not misleading. But read in the light of the evidence, and in connection with the instructions given in the general charge, and the answers to the other points, we cannot say that the affirmance of it was clearly erroneous. These instructions are not conflicting, but explanatory each of the other, and taken together, they give a substantially correct statement of the law applicable to the facts of the case.

The defendant cannot consistently complain of the affirmance of the plaintiff's ninth point, for in its first point, he, himself, had used the same language in specifying what it was necessary for the plaintiff to prove, to make out his case. "Acquiescence," as used in this connection, does not denote that the use, on each occasion, was with the avowed consent or special permission of the owner, but merely that he submitted to, and did not resist, the thing acquiesced in; in other words, that the enjoyment was peaceable. Chiefly from his acquiescence arises the presumption that it began pursuant to a full and unqualified grant. Indeed, the opinion has been expressed by eminent authority that the whole law of prescription and the law which governs the presumption or inference of a grant, rests upon acquiescence, and that the various expedients to which courts have resorted for quieting the enjoyment of rights which have not been resisted by the persons against whom they have been exercised, all appear to be based on that principle and no other:

Dalton v. Angus, L. R. 6 App. 740; 2 Lewis's Blackstone, 265, note.

But we need not elaborate nor theorize. The point was drawn in the language of the adjudicated cases and of the text-books, and needs no further defense: Esling v. Williams, 10 Pa. 126; Workman v. Curran, 89 Pa. 226; Mitchell on Real Estate and Conveyancing in Pennsylvania, 344; 19 Am. & Eng. Ency. of Law, 9.

It is argued with some plausibility that the omission of the defendant on his former appeal, to raise the objection to the nonjoinder of the plaintiff's cotenant, was a waiver of the right to raise the same objection on a subsequent appeal. We are not prepared, however, to assent to the proposition of counsel as an unvarying rule, nor is it necessary to put the dismissal of the third assignment of error upon that ground. The verdict of the jury has established the fact that there was a private way appurtenant to the plaintiff's land, and that it was obstructed by the defendant. The plaintiff although not the sole owner was in the sole and exclusive possession of the dominant tenement, and was permitted to recover simply the trifling amount that it cost him to remove the temporary obstruction. He had a right of recovery for the injury to his possession, and the statement, fairly construed, alleges this as the cause of action. Even if it lacked perspicuity it was amendable, of course, to conform to what was actually tried: Kroegher v. McConway Co., 149 Pa. 444. After three trials on the merits, we ought not to be astute on the third appeal, in searching for a variance between the issue raised by the pleadings, and the issue actually tried.

We find no substantial error in the record, and the judgment is affirmed.