# H. P. Hudson, Appellant, *v.* Israel Watson.

*Statute of frauds—Parol agreement to abandon an easement—Executed contract—Evidence.*

A parol agreement for the abandonment of an easement will be sustained when such an agreement has been so far executed as to make it inequitable to rescind the same.

Proceedings being pending for opening a public road over lands servient to an easement of right of way the owner of the dominant tenement made a parol agreement with the owner of the servient tenement that if he would refrain from objecting to the road he, the owner, would release his right of way. Acquiescence being thus obtained and the road opened, such parol agreement becomes executed and cannot be repudiated because not in writing—but the question of alleged abandonment must be submitted to the jury under adequate instructions.

*Practice, C. P.—Trial—Misleading point and answer.*

Where a point does not adequately cover the branch of the case to which it is directed and the answer affirming it is misleading and the general charge upon the same subject is inadequate and therefore misleading, such answer and charge properly can be assigned for error.

*Dedication—Use of road for twenty-one years—Erroneous instruction.*

It is error to instruct a jury without qualification that the use of ground for twenty-one years makes it a public road as effectually as though it had been originally laid out by proper authorities. Such instructions do not embrace a complete, self contained, abstract, legal proposition. There are circumstances under which this language would be entirely correct; there are others under which it would be incorrect. The instructions should have been qualified to conform to the rule laid down in Weiss v. South Bethlehem, 136 Pa. 294, where dedication is said to be a question of intention.

*Practice, Superior Court—Paper-books—Evidence.*

. Where an assignment of error challenges the admission of certain evidence and drafts or plans, which were in evidence and which are necessary to enable the appellate court to reach an intelligent conclusion in regard to some points of the testimony so challenged, are omitted from the paper-book of the appellant, the assignment of error will be overruled.

Argued May 13, 1896.   Appeal, No. 66, April T., 1896, by plaintiff, from judgment of C. P. Armstrong Co., Dec. T., 1893, No. 263, on verdict for defendant.   Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Reversed.

Trespass for obstructing right of way.   Before RAYBURN, P. J.

The following facts are stated in the opinion of the Superior Court:

"The plaintiff, the owner of the alleged dominant tenement, brought his action in trespass against the defendant the owner of the alleged servient tenement, for an obstruction of a right of way over and across the servient tenement alleged to have been acquired by prescription.   The defendant defended on the ground, among others, that the easement claimed by the appellant had been abandoned under circumstances which he proposed to introduce in evidence, and for that purpose made the following offer:  "We offer to show by the witness on the stand that H. P. Hudson, the plaintiff, came to the defendant shortly before a certain public road was opened through his land and made an agreement with the defendant that, if he would not make any objection to the opening of the public road through his land, that he, Hudson, the plaintiff, would abandon the road alleged to be obstructed, and this agreement and conversation was made before the obstruction sued for in this case; for the purpose of showing an agreement of the plaintiff to abandon the road in dispute."   This offer was objected to as being irrelevant and incompetent.   The court overruled the objection and admitted the evidence."  [1]

The evidence admitted under this offer tended to show that the public road actually was opened.   Portions of the charge and points and answers thereto objected to as misleading and inadequate are set out in the opinion of the Superior Court.

Verdict and judgment for defendant.   Plaintiff appealed.

*Errors assigned* were, (1, 2) admission of evidence under defendant's offer, reciting same; (3) to portion of general charge, reciting same; (4, 5) in affirming defendant's third and ninth points, which are set out in opinion of the Superior Court; (6) to

supplemental charge to the jury; (7) in rejecting plaintiff's offer to rebut the defendant's evidence as to the alleged conversation on which was based the alleged abandonment of plaintiff's easement.

*J. H. McCain*, of *McCain & Christy*, for appellant:—The first, third and fifth assignments of error raise the single question whether an easement is such an interest in lands as under the statute of frauds and perjuries cannot be conveyed by parol. If it is such an interest these three specifications of error must be sustained: Overmeyer v. Koerner, 81* Pa. 517; Washburn on Easements, 2d ed. p. 6; 2 Wait's Actions and Defenses, 657; Huff v. McCauley, 53 Pa. 206. In affirming defendant's third point as the law applicable to the facts of this case without qualification or comment, which is the subject of the fourth assignment, there was unmistakable error: Weiss v. South Bethlehem Borough, 136 Pa. 294; Bennett v. Biddle, 140 Pa. 403; Bennett v. Biddle, 150 Pa. 420.

*W. D. Patton*, for appellee.—A party will be estopped from taking advantage of an action in which he has acquiesced for his own benefit: McCully v. P. & C. R. R. Co., 32 Pa. 25. In LeFevre v. LeFevre, 4 S. & R. 241, a verbal agreement was entered into to change a water course. A license to be exercised upon land may be granted without deed and without writing: Thompson v. McElarney, 82 Pa. 178. Valuable improvements having been made on the faith of the license, it is not within the statute of frauds: Cum. Valley R. R. v. McLanahan, 59 Pa. 23. A parol license executed may become an easement on the land, and where acts have been done in reliance upon a license, the licensor will be estopped from revoking it to the injury of the licensee : Dark v. Johnston, 55 Pa. 164. A parol license, without consideration, on the faith of which the grantee expends money, cannot be revoked at the pleasure of the grantor, but will be enforced in equity: Funk v. Haldeman, 53 Pa. 244. If a parol license is given, without consideration, and the grantee is put to expense, the license cannot be revoked at the pleasure of the grantor: Rerick v. Kern, 14 S. & R. 267. A parol partition is not within the statute of frauds: McKnight v. Bell, 135 Pa. 358; Mellon v. Reed, 114 Pa. 647. A parol exchange of

lands, followed by each party taking possession, is not within the statute of frauds : Reynolds v. Hewett, 27 Pa. 176. A lease though for more than three years may be rescinded by parol where the rescission is accompanied by a surrender and acceptance : West v. Connell, 6 Mont. 196.

OPINION BY BEAVER, J., October 12, 1896 (after stating the facts as above) :

The validity of such a contract as is contained in the offer, the admission of which constitutes the first assignment of error, although it would seem at first blush to be against public policy and therefore void, has been expressly determined in Weeks v. Lippincott, 42 Pa. 474. If the evidence had gone no further than the offer, it was clearly incompetent; but inasmuch as the testimony shows that, in pursuance of the agreement, Watson, the owner of the servient tenement, refrained from making any objection to the public road referred to and the evidence further showing that the public road actually was opened over the land of the appellee, these facts would have constituted a defense, if the jury believed that the agreement as testified to by Hudson had been actually made. Whilst it is true that an easement is a liberty, privilege or advantage in land, without profit, and existing distinct from the ownership of the soil, it is nevertheless such an interest in land as is included in the statute of frauds and must be founded upon or acquired, so far as the evidence in this case is concerned, by grant, or prescription ; and whilst it is also true as claimed by the appellant that an abandonment of an easement such as was claimed in this case, once created must be in writing or by cesser, yet, inasmuch as a parol grant executed will be upheld and sustained under the same circumstances and on the same principles that a parol contract for the sale of land would be sustained, it follows that a parol agreement for the abandonment of an easement will be sustained, when such an agreement has been so far executed as to make it inequitable to rescind the same. In other words, if, while proceedings for the opening of a public road over the lands of Watson, the owner of the servient tenement, were pending, Hudson, the owner of the dominant tenement, made an agreement with him in accordance with which Watson remained quiet and refrained from

objecting to the opening of the public road through his premises, and the road, by reason of his acquiescence, was subsequently opened, which opening resulted in Watson's injury and Hudson's benefit, it would be manifestly inequitable to allow Hudson to repudiate the agreement, because it was not in writing. The evidence received under this offer was therefore as we view the case proper to be submitted to the jury. The first assignment of error is therefore overruled.

The third and fifth assignments relate to the instruction of the court upon the same subject both in the general charge and in the answer to the defendant's ninth point. The general charge upon this subject was as follows: "There is another question in this case, that suppose this is not a public highway, that it is a private road of Mr. Hudson's; and, if you believe the evidence of Mr. Watson as to the arrangement made between him and H. P. Hudson in reference to the abandonment of this road, provided Watson would not object to the road that was being then laid out through Watson's farm—a public road down from the upper road I believe to the River road—of course you have the statements of Mr. Hudson and Mr. Watson. They are diametrically opposed one to the other. One says that conversation took place. The other says it did not. So it is for you to reconcile and say which is telling the truth; and, if it is as Watson says, which was that Hudson agreed to abandon this road and not use it any more, if Watson would not hinder him in obtaining the decree of the court to open this public road through his land, then Hudson would not have a right to recover in this case, if you find Watson is telling the truth; but, if you believe Hudson, then that does not enter into it; it would be no abandonment at all." The defendant's ninth point and the answer thereto were as follows: "If the jury believe the evidence of Israel Watson that the plaintiff agreed to abandon the road in dispute on the completion of the new road, the plaintiff cannot recover and the verdict of the jury must be for the defendant. That point is affirmed." As already intimated, the point submitted by the defendant does not adequately cover this branch of the case and the answer of the court thereto and the general charge upon the same subject are inadequate and therefore misleading. The mere agreement between Hudson and Watson, even if actually made, would not be sufficient upon which to base

an abandonment of the easement claimed by Hudson, unless that agreement was actually carried into effect, and the jury should have been so instructed. The third and fifth assignments are therefore sustained: Duke of Somerset v. Fogwell (12 Eng. C. L. R. 395); 5 Barn. & Cress. 875; Huff v. McCauley, 53 Pa. 206; Pitkin v. Long Island R. R. Co., (47 Am. Dec. 320) 2 Barb. Chan. 221; Wynne v. Garland, (68 Am. Dec. 190) 19 Ark. 23; Washburn's Easements, 3d ed. (1873) 23. As to abandonment see: Idem, sec. 5, 661.

Another branch of the defense of the appellee in the court below was based upon the allegation that the road or way claimed by the appellant was a public road and that the appellee was therefore not liable in damages to the appellant for its obstruction. Some evidence showing the use of the road by the public was given and the following point in reference thereto was presented by the defendant: "The use of ground by the public as a highway for more than twenty-one years makes it a public road as effectually as though it had been originally laid out by proper authorities." This point was affirmed by the court below and the answer thereto constitutes the fourth assignment of error which must be sustained. The point itself is taken from a dictum of Mr. Justice KNOX in Commonwealth v. Cole, 26 Pa. 189. It does not embrace a complete, self-contained, abstract legal proposition. There are circumstances under which this language would be entirely correct. There are other circumstances under which it would be incorrect. The affirmance of the point, therefore, without qualification, was error. As was clearly pointed out by Mr. Justice GREEN in Weiss v. Boro. of South Bethlehem, 136 Pa. 294, "A dedication of land to public use as a highway is a question of intention. When the intention to dedicate exists and the way is used by the public, the dedication will become effective without reference to the length of time incurred by such user; but, when there is no such intention, the user will not work a dedication however long continued." The use of the way claimed by the appellant over the servient tenement by persons other than himself or those claiming the right under him, no matter how long continued, could not have extinguished his right, unless such use was made by the public adversely to his claim or there was an intention on his part to dedicate it to public use or to abandon

the easement, nor could the owner of the servient tenement have defeated the appellant's rights by permitting the public to pass over the road, even if he had intended to dedicate it to public use. Nor does it follow that because the public has acquired a right to use a certain way the same thereby becomes a public road unless there be an acceptance or appropriation by the public authorities or some acts implying such acceptance or appropriation. The defendant's point therefore should have been qualified so as to conform to the general principles recognized in Weiss v. South Bethlehem, *supra*, and the cases therein cited.

The sixth specification of error relates to the instruction of the court to the jury in answer to their request for further instructions. The questions propounded by the jury and the answers of the court were as follows:

Jury: "Whether there was any of the witnesses testified positively that this was a private road." The Court: "On that point, gentlemen, whether or not it is a private road or a public road is not what is stated by any individual witness. It is whether it is a public road or a private road. You will ascertain from the evidence as to how the road was used and then apply the law to those facts, as we instructed you. The mere fact that some witness said it is a public road or that it is a private road is not the question. One man might say it is a public road and another man that it is a private road but you gather it from the manner in which the road was laid out and the manner in which it was used." Jury: "And whether we had sufficient testimony to sustain it as a public road." The Court: "That is for you men to say, under all the evidence whether it was or not. I cannot say to you from the evidence whether it is a public road or not, because that is not my province; that is the province of you twelve men. I might have my idea on it but I am not at liberty to state to you whether it is or not. I state to you what the evidence is and what the law is and then you say by the verdict whether or not it is a public road." Jury: "Would their working on it constitute it a public road?" The Court: "We say to you that that you take into consideration with the other facts. What time it has been used by the public and the working on it by supervisors or parties working their taxes out on it are facts you take into consideration in coming

to a conclusion. We stated to you that there are two ways of a road becoming a public highway; one is coming into court and having viewers appointed, and another is the continuous use of the road by the public for twenty-one years or more, although it never had been laid out by authority of the court. If you take all the facts in evidence in this case into consideration, we think you can come to a conclusion as to whether this is a public or a private road. Were this an easement or right of way purtenant to the property occupied by Mr. Hudson, exclusive of the right of the public, although the public did travel it and acquired a right of way over it, this right of the public would be but permissive and would not conflict with the special rights of the plaintiff, if the owner of that land had acquired the right prior to the right acquired by the public and was purtenant to the land. You take all these things into consideration and say whether or not it is a public road with the instructions we gave to you in our general charge; that if you find that it has been used and occupied continuously for twenty-one years prior to the 25th day of April, 1850, then the plaintiff cannot recover in this cause of action. If it were changed and the public went on using it upon that change, that would constitute the road and the public would not be deprived of the way of traveling. They would not have any right legally to change it; but, if it were changed and the public went on using it—individuals or the public—it still constitutes a road." The questions propounded by the jury very naturally arose in their minds, in consequence of the inadequate presentation of this branch of the case in the general charge of the court. There is a recognition in these special instructions to the jury of the rights of the plaintiff, if an easement or right of way purtenant to his property had been acquired, either by himself or by those under whom he claimed, notwithstanding the use of the road or way claimed by him by the public, but instead of using this recognition to qualify the general principle laid down by the court that the continuous use of a road by the public for twenty-one years or more, although it never had been laid out by authority of the court, constitutes a public road, it would seem to have been used in such a way as to negative the idea of the existence of such an easement as was claimed by the appellant. These special instructions are, therefore, open to

the same objections as the answer of the court to the defendant's third point hereinbefore referred to. In general they were incomplete and therefore misleading and the specification of error is therefore sustained.

The seventh exception is also well taken. The appellee being upon the stand was about to testify to a conversation in regard to the abandonment of the easement claimed by the appellant. The counsel for the appellant interjected the following question: "Did you say which Hudson it was?" To which the witness answered, "Page Hudson and John Hudson and Jo Hudson all said that to me, and Jo Hudson said that to a dozen other men too;" stating in answer to a further question that "Jo is interested in that farm too." The appellant in rebuttal called Joseph Hudson for the purpose of showing that no such conversation was ever had. We think this testimony should have been received and should have been submitted to the jury as affecting the credibility of the defendant witness.

As to the second assignment of error we are unable to determine very clearly in the absence of the drafts which were in evidence what its relevancy to the case is; and, inasmuch as the appellant has failed to give us the information upon which an intelligent decision can be based, it is overruled.

It is proper to say in relation to this case that the paper-book of the appellant is certainly open to the criticism made by the appellee. The drafts which were in evidence are not copied for the information of the court. A copy of at least one of them, they being substantially alike, should have been placed in the paper-book, in order to enable us to reach an intelligent conclusion in regard to some points in the testimony.

On the case as presented to us, we are clearly of the opinion, for the reasons given, that substantial error was committed in the manner of the submission of the case to the jury. The judgment is therefore reversed and a new venire awarded.