## H. P. Hudson *v.* Israel Watson, Appellant.

*Statute of frauds—Parol agreement to abandon an easement—Executed contract—Evidence.*

A parol contract for the abandonment of an easement will be sustained when such an agreement has been so far executed as to make it inequitable to rescind the same.

Proceedings being pending for opening a public road, over lands servient to an easement of right of way, the owner of the dominant tenement made a parol agreement with the owner of the servient tenement that if he would refrain from objecting to the road he, the owner, would release his right of way. Acquiescence being thus obtained and the road opened, such parol agreement becomes executed and cannot be repudiated because not in writing—but the question of alleged abandonment must be submitted to the jury under adequate instructions.

*Easement by prescription—User must be uninterrupted and adverse.*

An uninterrupted adverse possession of land for the period of twenty-one years gives a title which is not to be defeated by mere protestation of the owner. He must make entry or bring an action within twenty-one years or his right is gone. The same doctrine applies to an easement. The right claimed however, not only must have been enjoyed without interruption for twenty-one years, but such enjoyment must have been adverse to the rights of the owner of the land in order to give title.

*Easement—Right of way—Essentials of title by prescription.*

Two of the essential qualities of easements are that they are imposed for the benefit of corporeal property and that there must be two distinct tenements, the dominant and servient. They do not attach when claimed by prescription to the person. A right of way by prescription is established when the occupier of the dominant tenement is there by a claim of right and acquires title to the land by possession and to the easement by user.

*Charge of court—Erroneous quotation of name of witness, not reversible error.*

The erroneous quotation of the name of a witness is not a reversible error where such name is not stated as a definitive fact and where it was practically left as a question to the jury without objection made at the time which would have enabled the error to have been corrected.

Argued May 13, 1897. Appeal, No. 146, April T., 1897, by defendant, from judgment of C. P. Armstrong Co., Dec. T., 1893, No. 263, on verdict for plaintiff. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER and ORLADY, JJ. Reversed.

Trespass for obstructing right of way. Before RAYBURN, P. J.

This case came before the Superior Court in 2 Pa. Superior Ct. 422. The plaintiff, the owner of the alleged dominant tenement, brought this action in trespass against the defendant, the owner of the alleged servient tenement, for obstruction of a right of way over the alleged servient tenement. It was alleged that a petition was presented for a road, which should run both over the land of Hudson and Watson, and that it was agreed between Watson and Hudson that if Watson, who was about to object to the new road, would withdraw his objection and allow the new road to be laid out that Hudson would cease to travel the old road; that Watson acquiesced and the new road was laid out upon the Watson property; that Hudson succeeding in having the new road opened, repudiated his agreement

HUDSON *v.* WATSON.

and undertook to travel over the Watson property by both routes, whereupon Watson undertook to and did obstruct the old road.    Hudson then brought an action of trespass.    Watson defended on the grounds : First.  That the road was abandoned by the agreement of Hudson and that the agreement was carried out and that by virtue thereof an additional servitude was put upon his land which resulted in his injury and Hudson's benefit and that Hudson could not repudiate his agreement. Second.    That the road was a public one and that the remedy for obstructing a public road was indictable, not actionable. Third.    That the plaintiff could not acquire a right of way through unenclosed woodland.    Fourth.  That the road claimed was not over the same route, but was a loose and rambling way.

On the first trial a verdict was rendered in favor of the defendant, but the judgment was reversed by the Superior Court. See 2 Pa. Superior Ct. 422.

On the second trial verdict and judgment for plaintiff for $1.50.    Defendant appealed.

*Errors assigned* among others were (1) In answer to the plaintiff's ninth point, which point and answer are as follows : "9.  We instruct you, that the mere agreement between Hudson and Watson, even if actually made, would not be sufficient upon which to base an abandonment of the easement claimed by Hudson, unless that agreement was actually carried into effect; and to carry it into effect, it was essential that Watson, the defendant, should have taken possession of the way or obstructed the road under and in pursuance of the terms of the agreement. *Answer :* That point is affirmed."    (2) In the general charge as follows : "Now, in reference to this way from Mr. Hudson's down, we desire to call your attention to the testimony of some of the witnesses and we have already spoken about it a little. That is as to the opening of this road by Moore and the using of it.    Now, if you find from the evidence that this road was opened by Moore, and used across the land of Watson with the consent and agreement of the former owners in title and that Moore and the successors in title to this property now owned by Hudson had the right of way as an easement across the land of Watson, and this right of way was appurtenant to this land

occupied by Hudson, then Hudson would have the right to use that way unless he would abandon the right in some way."

*W. D. Patton*, for appellant.—The first assignment of error is not in obedience to the opinion of BEAVER, J., at the former argument of this case; see Hudson v. Watson, 2 Pa. Superior Ct. 422, nor will it do to say that the law is correctly laid down in the general charge for as said by the Supreme Court in the case of Wolf v. Wolf, 158 Pa. 621, that where there is a serious inconsistency between the general charge and the answer to a point, the jury could not tell what they were to do in such circumstance and the case should be reversed.

A mere user of a right of way for twenty-one years in a spirit of accommodation, and not adversely will not establish an easement: Bennett v. Biddle, 140 Pa. 396.

A grant is only presumed where one uses a road over the land of another without asking leave and without objection: Okeson v. Patterson, 29 Pa. 22.

*James H. McCain* of *McCain & Christy*, for appellee.—The contract here set up is nothing more than a parol transfer or sale of the easement by Hudson to Watson. Such a contract is admittedly within the operation of the statute of frauds: Hill v. Meyers, 43 Pa. 170.

OPINION BY BEAVER, J., July 23, 1897:

When this case was heard about a year ago, 2 Pa. Superior Ct. 422, one of the assignments of error was directed to a point presented by the defendant and to the answer of the court thereto. The point and answer were as follows: "If the jury believe the evidence of Israel Watson, that the plaintiff agreed to abandon the road in dispute on the completion of the new road, the plaintiff cannot recover and the verdict of the jury must be for the defendant. That point is affirmed." The inadequacy of the point was sustained for the reason that it did not affirm as a fact that the new road had been completed. We said then in reference thereto: "The mere agreement between Hudson and Watson, even if actually made, would not be sufficient upon which to base an abandonment of the easement claimed by Watson, unless that agreement was actually carried

into effect, and the jury should have been so instructed." If the public road concerning which the agreement was made was actually opened, the agreement between the parties was then "carried into effect" and the abandonment of the easement claimed by Hudson could be enforced. This seems to have been clearly comprehended by the court in the general charge to the jury; and, if nothing further had been said upon the subject, no objection could be taken thereto. The plaintiff's ninth point, however, goes much farther and, in affirming that point, the court fell into error. The answer of the court to this point constitutes the first assignment of error. The point and answer are as follows: "We instruct you that the mere agreement between Hudson and Watson, even if actually made, would not be sufficient upon which to base an abandonment of the easement claimed by Hudson, unless that agreement was actually carried into effect, and to carry it into effect it was essential that Watson, the defendant, should have taken possession of the way or obstructed the road, under and in pursuance of the terms of the agreement." The agreement, as claimed by the defendant, was that, if Watson, the owner of the servient tenement, refrained from interfering in any way with the opening of the public road which was the subject of negotiations, that then and in that event Hudson, the owner of the dominant tenement, would abandon the easement claimed by him. Watson was under no obligation, by reason of the terms of the agreement or otherwise, to obstruct the right of way claimed by Hudson. He might wish to keep it open for his own use or for the use of the public. He already had possession of the land over which the easement was claimed and that portion of the plaintiff's point, therefore, which related to carrying the agreement into effect was erroneous and altogether misleading and should have been refused, as stated; or, the first part of the point could have been affirmed and the latter part relating to the manner in which the agreement was to be carried into effect, refused or modified. In order to carry the agreement into effect, it was only necessary that the public road which was the subject of the agreement should be actually opened for public use. The first assignment of error is, therefore, sustained.

If in that portion of the charge of the court to the jury embodied in the second assignment of error the court intended to

convey the impression that an easement can be gained by the use of a way with the consent and agreement of the owner of the land over which the same is used, it was erroneous. Mr. Chief Justice LEWIS, in Okeson v. Patterson, 29 Pa. 22, clearly stated the law upon this subject: " An uninterrupted adverse possession of land for the period of twenty-one years gives a title which is not to be defeated by a mere protestation of the owner. He must make an entry or bring an action within twenty-one years or his right is gone; so in the case of an easement over his land, uninterrupted enjoyment of it for twenty-one years adversely to the rights of the owner of the land gives a title which cannot be defeated by mere objections or denials of the right. He must bring an action or obstruct the enjoyment within twenty-one years from its commencement or his right to obstruct it is gone." So, in Bennett v. Biddle, 140 Pa. 396, it was held that " The right must not only have been enjoyed without interruption for twenty-one years but that enjoyment must have been adverse to the rights of the owner of the land, in order to give a title."

None of the other assignments of error are sustained. Even if the trial judge were mistaken in his recollection as to the name of the witness who testified as to Watson's declarations in regard to the character of the road through his premises, as complained of in the third assignment, it would not be a reversible error. The name of the witness is not stated as a fact and, therefore, the question was practically left to the jury.

As to the fourth, fifth, sixth, eighth and ninth assignments it is only necessary to say that two of the essential qualities of easements are that they are imposed for the benefit of corporeal property and that there must be two distinct tenements, the dominant to which the right belongs and the servient upon which the obligation rests: Washburn's Easements and Servitudes (3d ed.), 1873, sec. 3. They do not attach, at least when claimed by prescription, to the person. The same particularity, therefore, in regard to the title of the dominant tenement is not necessary as in the case of an ejectment. If the occupier of the dominant tenement who laid the foundation of the right of way by prescription were there by a claim of right, as John Moore seemed to be, we think the necessary conditions of acquiring a right by prescription were fulfilled. Although the

evidence is not very explicit, he would seem to have acquired title to the land which he occupied as well as to the right of way, by possession of the one and use of the other, and this prior to the act of April 25, 1850.   There was no error in the answers of the court to the first and second points of the plaintiff, as complained of in the eighth and ninth assignments.

As to the seventh assignment, there is no attempt on the part of the plaintiff to recover for damages sustained by the public. The fact that the public traveled the road referred to does not necessarily interfere with his right of way as claimed in his statement.   As a matter of careful pleading, it would have perhaps been better to have omitted the statement as to the public but we cannot see that the statement of this fact interferes with the right to recover.   It is, at the most, a bit of surplusage which would have been stricken out by the court upon application.

Being compelled to sustain the first assignment of error and also the second, if the construction put by the appellant upon the part of the charge of the court complained of therein is correct, as it seems to be, the judgment is reversed and a new venire awarded.