# Fidler v. Rehmeyer, Appellant.

*Trespass—Obstruction of lane—Prescriptive use—Evidence—Cross-examination.*

In an action of trespass for obstructing a private way or lane, where it appears that the plaintiff before purchasing a farm demanded that the lane in question, which was on one of the boundary lines, should be closed, and the plaintiff, the vendor, and the owner of the adjoining land agreed that the lane should be closed, and the adjoining owner subsequently did close it, a sufficient consideration exists between the plaintiff and the adjoining owner to support the agreement entered into between them in relation to the fence.

In such a case where the plaintiff claims the right to the lane by prescriptive use, and testifies that the fence was erected against his protest, and claims exemplary damages against the defendant, the adjoining owner, the defendant may show upon cross-examination of the plaintiff an agreement made before plaintiff took title that the fence should be removed, and that in pursuance of such agreement, a fence was constructed along the boundary line, and that it was built by the defendant with the knowledge, consent, and in the presence of the plaintiff, and on an agreement that the plaintiff should bear his share of the expense. Such proof is proper cross-examination, and is not in contradiction of plaintiff's deed. Declarations and acts of the plaintiff may be shown by the testimony of other witnesses, indicating an intention on the part of the plaintiff to abandon the easement.

Where a right to a private way on the boundary line between two farms is claimed by prescription, the person denying the right may show that the use of the way had its beginning in the friendly and intimate association of a father-in-law and a son-in-law who owned the adjoining properties, that the use of it was for mutual accommodation, by permission, and so continued thereafter and was, therefore, not adverse. A change in ownership by a sale of either property does not necessarily change the character of the relation, nor make that hostile which had previously been permissive.

Argued March 12, 1907. Appeal, No. 97, March T., 1907, by defendant, from judgment of C. P. York Co., Oct. T., 1905, No. 45, on verdict for plaintiff in case of Charles H. Fidler v. Henry C. Rehmeyer. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Obstruction for a private right of way. Before BITTENGER, P. J.

At the trial the plaintiff on the stand claimed a prescriptive use of the right of way in question, and also exemplary damages for its obstruction. He asserted that the defendant, who was an adjoining owner, had constructed a fence against plaintiff's protest along the boundary line of their respective properties, and thus obstructed the lane in question. On cross-examination the following offer was made:

Mr. Hoober: It is sought to ask the witness on the stand the question whether in contemplating the purchase of the land in question he did not say to his vendor, Noah S. Flinchbaugh, that he would not purchase the land, or would not have this land, with the lane in question between the two properties; and that he asked the vendor, Noah S. Flinchbaugh, to call on Henry C. Rehmeyer, the defendant in this action, and ask him to release or surrender or give up his right to this lane so that it might be closed; that he did not want the property unless the lane could be closed; and that subsequently he, the witness, personally spoke with Henry C. Rehmeyer, the defendant, and made request as above in person; and that it was mutually agreed between the plaintiff and the defendant, after the defendant demurred, that the lane should be closed, and the fence placed on the line; to be followed by evidence that the fence is upon the line as shown in the plaintiff's deed, marked exhibit "No. 1, H. C. D.," together with evidence that said Noah S. Flinchbaugh, witness's vendor, requested Mr. Henry C. Rehmeyer, the defendant, to close the said lane in order to effect the sale of the property now owned by plaintiff, and that defendant finally agreed, which information was conveyed by said Flinchbaugh, vendor, to the witness on the stand; and that in pursuance of said arrangement so made between the witness and Flinchbaugh, and Rehmeyer, the fence was moved, the witness himself taking away his fence made of palings, assisting the defendant in placing posts into position, and in the construction of said fence, having agreed to bear in part the expense of the removal and the erection of the line fence; that said fence was constructed by the defendant at his own expense, with the knowledge, consent and presence of the witness on the stand; that subsequently, after said fence had been erected by defendant, the witness refused to bear his part of the expense; and the defendant, after allowing a gap in said

fence for a period of over one year, finally constructed this fence at his own expense on the line contained in the plaintiff's exhibit, marked "No. 1, H. C. D." This for the purpose of contradiction, if he denies it.

The Court: You are offering your whole case. He has testified to much of this already, and almost everything he has denied.

Mr. Hoober: I want to lay ground for denial.

Mr. Glessner: Objected to as not proper evidence at this time, not cross-examination; contradictory of the right and title of the plaintiff in this suit. The easement being appurtenant, was conveyed to the plaintiff, and to the parties under whom he held, being a conveyance under seal, cannot be contradicted or affected by parol agreement between the parties, even if it had taken place. Not evidence for the purpose offered, and not cross-examination.

The Court: We reject that part of the offer that refers to what took place before the deed was delivered, between Flinchbaugh and the witness and the defendant, and we admit the other part. That is, we allow the examination of the witness in reference to the other matters which are in the offer alleged to have occurred between the witness and the defendant, Mr. Rehmeyer; and we seal an exception for both sides. [1]

When Noah S. Flinchbaugh was on the witness stand the following offer was made:

Mr. Hoober: It is sought to be proved by the witness on the stand that although the lane was in the condition stated at the time of the delivery of the deed, that the agreement between the plaintiff, Charles H. Fidler, and Henry C. Rehmeyer, the defendant, was that the lane was to be changed and the fence placed on the line, and the lane extinguished or surrendered as it then existed, and that in pursuance of said agreement, at the request of the plaintiff in this action, the witness called upon Henry C. Rehmeyer and made request in compliance with the agreement prior to the delivery of the deed to make request for this change; that it was agreed to by Henry C. Rehmeyer, and the consent was made known to the plaintiff by the witness, and upon the strength of said agreement the property was sold by the witness to the plaintiff; and, subsequently, in conversation between the witness and the plaintiff, the conversation was had between the two showing a ratification of the

previous contract calling for the placing of the fence on the line, and the extinguishment and surrender of the lane. This for the purpose of contradicting the plaintiff in his testimony, as well as to show in cross-examination that although the fence remained in that condition at the time of his delivery of the deed, that there was an agreement that it should be changed between the plaintiff and the defendant. This for the purpose of abating any claim for damages on account of the obstruction of the right of way or the lane.

Objected to by Mr. Glessner as not proper cross-examination; an attempt to enter a matter of defense into the case at this time; as irrelevant and immaterial.

The Court: We reject the offer and seal an exception for the defendant. We have already expressed our ideas in reference to this offer, when it was made before, as not cross-examination, and it is an offer to contradict or vary the deed that is offered in evidence. It was made before the deed was delivered, and therefore it is not competent evidence, and we think the objections are valid. [2]

Mr. Hoober: Defendant offers to prove by the witness on the stand that prior to the delivery of the deed dated March 28, 1903, marked " No. 1, H. C. D.," the plaintiff came and lived with the witness, and that while living with him,—

The Court: He went there in December, and the deed was delivered in April.

Mr. Hoober: Yes, sir; and while living with them, and prior to the delivery of the deed, plaintiff requested the witness to confer with Mr. Rehmeyer, the defendant, and ask him to agree to surrender, or to the closing up of the lane in question, saying that he did not want the premises that way, meaning the lane; that in pursuance of the request of the plaintiff, witness conferred with Rehmeyer, the defendant, requesting him to agree to the closing of this lane; that defendant at first demurred, and declined to agree, but finally agreed that the lane should be closed and the fence placed on the line; that witness conveyed this agreement to the plaintiff and later delivered the deed for the property; that subsequently to the delivery of the deed, witness having moved away from the premises, plaintiff wrote to the witness, and in the letter complained about the fence not having been placed on the line, making no refer-

ence to the closing of the lane improperly or illegally ; that the fence was subsequently placed on the line at the place indicated by the stakes put in position by the surveyor who had run the line at the instance of the witness, together with testimony showing the character of the lane, to mitigate the damages, as well as to rebut the presumption of an easement, or the attempted proof of an easement, as shown by plaintiff's witnesses this morning. This for the purpose of showing that if any easement or right of way ever existed, that it was surrendered, or agreed to be closed, between the plaintiff and his agent, the witness, and the defendant, and that upon that agreement there was a fulfillment on the part of the defendant, and so far executed throughout, in the way of expense and labor, that it would be inequitable to order or permit any damages to be incurred by reason of the change of the fence and the closing of the lane. For the purpose of sustaining the issue on the part of the defendant, and the plea of not guilty entered in this case.

Mr. Glessner : Objected to as not evidence for any purpose in this case, as irrelevant and immaterial ; does not rebut the presumption of an easement ; that it is contradictory of the law. An easement once granted by deed cannot be revoked by any parol agreement. Contradictory of the first part of the offer, in that the evidence proposes to prove and sustain the contention of the plaintiff in this case, that the fence was not put there by his consent, it not being proven, or pretended to be proven, that this line was put upon any line agreed upon by the plaintiff, but proves that the fence was not put upon the line that the witness attempts to prove was agreed upon by the plaintiff, which was contended by him ; as contradictory, and not evidence for the purpose offered.

The Court : We do not think this offer is admissible as offered. We admit it for the purpose of showing that the plaintiff, in view of that lane being there, and stating that he did not want it there, and requested Mr. Rehmeyer to consent or agree to its being done away with, and the fence being put on the line, for the purpose of affecting the question of damages in the case, and we seal an exception for both sides. [3]

When William Webb was on the witness stand the following offer was made :

Mr. Hoober: Defendant offers to prove by the witness on the stand that in the spring of 1903, prior to the erection of the fence in question, Fidler, the plaintiff, told the witness that he wanted the lane in question closed, but that Rehmeyer was so damned bull-headed he would not agree to it; that he, Fidler, had as much money to spent at law as Rehmeyer; and that he, Fidler, wanted the lane closed so that Rehmeyer would stay on his ground, and Fidler would stay on his. This for the purpose of sustaining the issue generally on the part of the defendant, the plea of not guilty; showing the abandonment or surrender of any right the plaintiff may have had, together with mitigation of damages.

Objected to by Mr. Glessner as not proper legal evidence; that no parol declaration by the plaintiff can affect or close up the right or easement in question; being contradictory of the defendant's own witnesses; wholly irrelevant and immaterial, and not evidence for the purpose offered.

The Court: We sustain the objection, and do not admit the offer, and seal an exception for the defendant. The right of way cannot be surrendered in that way at all.

Mr. Hoober: I renew the offer for the purpose of showing malice on the part of the plaintiff, and for showing consent; and the offer to be followed by evidence, or in connection with evidence already offered, that the lane was closed, the money laid out and expended, and labor performed, to carry out the agreement. Also to corroborate the statements already offered in behalf of the defense, and in contradiction of the evidence offered by the plaintiff.

Mr. Glessner: Objected to.

The Court: We regard it as an offer to prove an intention which has not been carried out, before the fences were changed; and before any change was made in the lane; and not being admissible under the statute of frauds, and not being admissible even for the purpose of showing malice at that time, and particularly malice between people who already have roads to their lands on both sides. We reject the offer, and seal an exception for the defense. [5]

Defendant presented these points:

7. If from the evidence the jury is satisfied that the travel over this lane began in the intimate relations existing between

father-in law and son-in-law, who owned and occupied the two properties, it would not be an adverse user by either; and if the successors in title have permitted and enjoyed the same user, no right would be acquired by mere lapse of time by means of it.    What the fact is as to the beginning and continuance of travel between the owners is for the jury.   *Answer :* We answer this point as follows : This·point as written cannot be affirmed.    The facts as to the establishment of the lane in question, and its use by the adjoining owners is for the jury—its use by the parties ·to this action and the predecessors in title. [12]

10. If from the evidence the jury is satisfied that the original use was friendly, and for mutual accommodation, then the change in ownership, by selling either property to a stranger, whether the present owners, or their predecessors in title, does not necessarily change the character of the relation.   *Answer :* We answer this point as follows : This point is not correct, and it is refused. [14]

11. If the jury is satisfied from the evidence that the travel over the lane was a matter of mutual accommodation, it was not adverse, and no right would be acquired by reason of it, and the verdict will be for the defendant.   *Answer :* We answer this point as follows : This point is not correct, and is refused. [15]

Verdict and judgment for plaintiff for $220.   Defendant appealed.

*Errors assigned* were (1, 2, 3, 5) rulings on evidence, quoting the bill of exceptions; (12, 14, 15) above instructions, quoting them.

*John A. Hoober*, with him *Ross & Brenneman*, for appellant. —Appellant contends that after making the agreement with appellee to close the lane, and fulfilling the agreement by actually closing the lane at an expense of labor and money, it would be inequitable to permit appellee to rescind the same, and the parol agreement should have been admitted as evidence of estoppel and not merely to affect the damages : Hudson v. Watson, 5 Pa. Superior Ct. 456.

The user was not adverse : Bennett v. Biddle, 140 Pa. 396.

*James G. Glessner,* with him *Robert S. Frey* and *McClean Stock,* for appellee.—Defense cannot be introduced by cross-examination: Mackinley v. McGregor, 3 Wharton, 369; Page v. Simpson, 172 Pa. 288; Sullivan v. New York, Lake Erie and Western Railroad Company, 175 Pa. 361.

The easement being appurtenant was conveyed to the plaintiff and the parties under whom he held by deed under seal, and could not be affected by parol agreement between the parties: Erb v. Brown, 69 Pa. 216.

The use was adverse: Godino v. Kane, 26 Pa. Superior Ct. 596.

OPINION BY HENDERSON, J., October 7, 1907.

The plaintiff alleged an obstruction of a private way and supported his case by evidence of the existence of a lane along the line between his land and the defendant's, which had been used by their predecessors in title for about forty years. It was not shown that the right was created by grant, but evidence was introduced to establish a prescriptive use. The plaintiff was called as a witness in his own behalf and in his examination testified to the existence of the lane and that the defendant, against his protest, erected a fence along it and near the middle thereof, thus depriving the plaintiff of its use and compelling him to drive over other portions of his land in performing his farm work. The defendant undertook to show on the cross-examination of the plaintiff that before the latter bought his farm he asked the owner from whom he was about to buy to attempt to secure an agreement from the adjoining owner, the defendant, to have the lane closed, the owner and the defendant to agree to release or surrender any rights they might have in the lane, the plaintiff not desiring to have it remain open as a joint way, and that Mr. Flinchbaugh, the owner, consulted with the defendant with reference thereto as a result of which consideration it was agreed by Flinchbaugh, the plaintiff and the defendant that the lane should be closed and the fence placed on the dividing line and that subsequently, after the plaintiff bought from Flinchbaugh, in pursuance of the arrangement theretofore made, a fence was constructed along the line, the plaintiff assisting the defendant in its construction; that the fence was built by the defendant with the knowledge, con-

sent and in the presence of the plaintiff and on an agreement that the plaintiff should bear his share of the expense. The court rejected so much of the offer as related to what took place between Flinchbaugh, the plaintiff and the defendant before the deed was delivered by Flinchbaugh to the plaintiff and admitted the other part of the offer. A second offer of evidence tendering substantially the same proof was rejected by the court because it was not cross-examination and was an offer to contradict the plaintiff's deed.

The first and second specifications assign this action as error. We think the defendant was entitled to the evidence as proposed in these assignments. The pith of the plaintiff's evidence was the existence of the way and the defendant's unlawful obstruction of it against the plaintiff's protest and request and his claim for damages was based wholly upon the allegation that the defendant without any right or justification had deprived him of the use of a way which his predecessors in title had acquired by prescription. He claimed further that he was entitled to exemplary damages by reason of the manner in which the defendant had proceeded. It was pertinent, therefore, to ascertain whether the defendant's action was not in accordance with the agreement made before the plaintiff acquired title and whether the closing of the lane was not with his consent, at his request and with his co-operation. The questions did, indeed, introduce the defendant's case but they were in line with, and suggested by, the plaintiff's evidence in chief and had a direct bearing on the bona fides of his case as presented in his testimony. If the plaintiff demanded an abandonment of the lane as a condition precedent to his purchase from Flinchbaugh by reason of which all the parties in interest agreed that the fence should be placed on the line between the lands and this was done after the plaintiff acquired title, a sufficient consideration existed for the alleged agreement: Hudson v. Watson, 5 Pa. Superior Ct. 456.

Upon like consideration the offer contained in the third specification was admissible as made. It had a bearing not only on the question of the amount of damages, but on the allegation of abandonment or surrender of the easement which if established would defeat the plaintiff's right of action. The

proposal was to show voluntary acts of the plaintiff of a character so decisive and conclusive as to prove his intention to abandon the easement. The necessary effect of the erection of a fence by the parties along the line, in execution of a preceding agreement with the plaintiff, would be to destroy the easement. The case assumed is not one of an unexecuted agreeement for the surrender of the way, but of an abandonment pursuant to an executed agreement. The fact of the agreement and the nature of the acts done or acquiesced in by the plaintiff because of the agreement are material subjects of inquiry and if they clearly indicate an intention on the part of the owner of the right to abandon it, it is sufficient: Liggins v. Inge, 7 Bing. 682; Moore v. Rawson, 3 Barn. and Cress. 332; The Queen v. Chorley, 12 A. & E. (N. S.) 515; Pope v. Devereux, 71 Mass. 409; Dyer v. Sanford, 50 Mass. 395; Crain v. Fox, 16 Barb. 184; Canny v. Andrews, 123 Mass. 155.

The plaintiff having denied that he had any arrangement with the defendant by which the lane was to be closed or that it was closed with his concurrence or consent the offer of evidence contained in the fifth specification seems clearly competent. The declaration of the plaintiff there referred to was made before the fence in the lane was built and bears directly on his intention with reference thereto and is corroborative of the defendant's claim that the fence was not made against the will of the plaintiff and in violation of his right, but because he had abandoned the easement.

The twelfth, fourteenth and fifteenth specifications are based upon evidence introduced by the defendant tending to show that the use of the lane had its beginning in the friendly and intimate association of a father-in-law and son-in-law who owned the adjoining properties; that the use of it was for mutual accommodation, by permission, and so continued thereafter and was, therefore, not adverse. It is a well-established rule of law that mere possession will not give title though such possession may have continued for a long period. The possession necessary to accomplish this result must. be adverse to the title of the owner. Where one enters in subordination to another's title the statute will not begin to run in his favor until he does some act which destroys the relation: Wheeler v. Winn, 53 Pa. 122; Cadwalader v. App, 81 Pa. 194; The Tin-

icum Fishing Co. v. Carter, 61 Pa. 21.    This rule applies to a
right of way claimed by prescription.    Such a right must not
only have been enjoyed continuously for twenty-one years, but
such use must have been adverse to the rights of the owner of the
land in order to give a title: Okeson v. Patterson, 29 Pa. 22;
Bennett v. Biddle, 140 Pa. 396.    A grant will be presumed
where one uses a road over another's land without objection
and without asking for the privilege, but this presumption
may be rebutted and the use may be shown to have been in
subservience to the title of the owner of the land: Bennett v.
Biddle, supra.    If the use of the way grew out of the intimate
relation of father-in-law and son-in-law for mutual convenience
and accommodation and was continued by them and their
successors in title in the same way and in the same spirit of
mutual convenience, such enjoyment would not be adverse
and no title would be acquired thereby.    How it originated
and the character of it was a question for the jury.    It
is clear that if it were such as is claimed by the defendant
the change in ownership by a sale of either property did not
necessarily change the character of the relation, nor make that
hostile which had previously been permissive.    The attitude
of the respective owners may have changed, but whether it
was changed is a question of fact.    The plaintiff acquired no
greater right than existed in favor of his grantor, and if the
way in question was not established adversely before the plain-
tiff received his deed it is not created by that instrument.    The
case of Godino v. Kane, 26 Pa. Superior Ct. 596, is cited by
the appellee's counsel in support of the action of the court.
That case does not go further, however, than to hold that
where one uses an easement whenever he sees fit without
asking leave and without objection such use is adverse and
such adverse use may be shown by the manner in which it is
enjoyed.    The case is authority, however, for the proposition
that evidence is admissible showing that the use began and
continued in a manner inconsistent with an adverse enjoyment.
The testimony of several of the defendant's witnesses might
lead the jury to believe that the lane was an arrangement of
neighborly accommodation ; that its use was permissive and
that there had not been an assertion of an adverse title thereto
before the plaintiff bought his land.    We are of the opinion

that the defendant was entitled to an affirmance of the seventh, tenth and eleventh points. The other specifications do not require consideration.

The judgment is reversed and a venire facias de novo awarded.